Filed 6/5/15  P. v. Phelps CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E061437 |
| v. | (Super.Ct.No. RIC1400848) |
| JACQUES ANDRE PHELPS, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Edward D. Webster, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed.

Paul E. Zellerbach and Michael Hestrin, District Attorneys, and Natalie M. Pitre, Deputy District Attorney, for Plaintiff and Appellant.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Respondent.

1

The trial court granted the petition of defendant, Jacques Phelps, for a Certificate of Rehabilitation. (Pen. Code, § 4852.01)[1] The People appeal, claiming the trial court erred in granting that petition because defendant is ineligible for said Certificate. We agree with the People and therefore, reverse the trial court's order granting the petition.

## FACTS AND PROCEEDINGS BELOW

Defendant was convicted in 1993 of committing a lewd and lascivious act on a minor (§ 288, subd. (a)) in 1990. He was granted probation and, in 1998, he completed his probation and his sentence was discharged. In June 2013, his conviction was set aside. (§ 1203.4) He filed a Petition for a Certificate of Rehabilitation. In their report, the People asserted that because defendant had been convicted of violating section 288, subdivision (a), he was statutorily ineligible for a Certificate of Rehabilitation. The People asked the trial court to delay its decision to grant defendant's petition until Division One of this court issued its opinion in a case dealing with the eligibility of section 288, subdivision (a) violators for Certificates of Rehabilitation. The trial court granted the People's request, and at the hearing on the petition, the People pointed out to the trial court that that decision, for which review has since been granted by the California Supreme Court (*People v. Tirey* (2014) 225 Cal.App.4th 1150, review granted August 20, 2014, S219050 (*Tirey*)), had held that section 4852.01's prohibition on

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Certificates of Rehabilitation for section 288, subdivision (a) offenders was a violation of equal protection because those convicted of violating section 288.7, an asserted similar, but more serious crime, were not ineligible. The trial court granted defendant's petition, apparently agreeing with the holding in *Tirey* that section 4852.01 violates equal protection.

## ISSUES AND DISCUSSION

Those who violate section 288, subdivision (a) do so by committing a lewd and lascivious act on a child under the age of 14 "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the [defendant] or the child[.]" (§ 288, subd. (a).) Section 288.7 punishes a person who is 18 or older and engages in sexual intercourse or sodomy or oral copulation or sexual penetration with a child who is 10 or younger. (§ 288.7) Section 4852.01, subdivision (a) allows for the filing of a petition for a Certification of Rehabilitation. Subdivision (d), however, makes the section inapplicable to "persons serving a mandatory life parole" and, inter alia, section 288, subdivision (a) offenders. Section 3000.1, subdivision (a)(2) provides, in pertinent part, "[I]n the case of any inmate sentenced to a life term under . . . [2] Sections 269[3] *and*

___

**2** We have deliberately omitted section 3000.1's inclusion of kidnapping under section 209, with the intent to commit a specified sexual offense, because of the wordiness of this provision.

**3** Section 269 punishes, "Any person who commits any of the following acts upon a child who is under 14 years of age and seven or more years younger than the person is guilty of aggravated sexual assault of a child: [¶] (1) Rape, in violation of paragraph (2)

*[footnote continued on next page]*

3

288.7, subdivision (c) of Section 667.51, Section 667.71 in which one or more of the victims of the offense was a child under 14 years of age, or subdivision (j), (l), or (m) of Section 667.61, the period of parole, if parole is granted, shall be the remainder of the inmate's life." *Tirey* held that the language of section 3000.1, subdivision (a)(2) was clear and unambiguous in that a section 288.7 offender would be subject to mandatory life parole only if he or she had *also* been convicted of a violation of section 269, and vice versa.[4] Therefore, a defendant convicted only of violating section 288.7 would not be subject to mandatory life parole and would be eligible for a Certificate of Rehabilitation. The Court of Appeal majority in *Tirey* went on to hold that section 288, subdivision (a) offenders were similarly situated to section 288.7 offenders for equal protection purposes and the ineligibility of section 288, subdivision (a) offenders for

---

or (6) of subdivision (a) of Section 261. [¶] (2) Rape or sexual penetration, in concert, in violation of Section 264.1 [¶] (3) Sodomy, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d), of Section 286. [¶] (4) Oral copulation, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d) of Section 288a. [¶] (5) Sexual penetration, in violation of subdivision (a) of Section 289." (§ 269.)

[4] Although section 3000.1 was not expressly addressed by the parties below, the discussion of it in *Tirey* was important to the court's holding, in that a contrary conclusion about its meaning created a "complete defense" to the assertion that section 4852.01 violated equal protection. By asking, in its "Report," for a delay until the Court of Appeal decided *Tirey* and by relying on that opinion in rendering its decision, the prosecutor below and the trial court, respectively, (as well as defense counsel, who urged the trial court at the hearing to follow *Tirey*) addressed whether section 288.7 violators were eligible for Certificates of Rehabilitation, which turned on the meaning of section 3000.1. Therefore, defendant's assertion that the People's argument in their opening brief concerning that eligibility is being made "for the first time" in their brief is not supported by the record.

Certificates of Rehabilitation under section 4852.01, in light of the eligibility of section 288.7 offenders for Certificates, rendered section 4852.01 a violation of equal protection. As already stated, after the trial court here agreed with the holding in *Tirey* and granted defendant's petition, the California Supreme Court granted review in *Tirey*. Additionally, the Legislature, also after the trial court's ruling here, amended, inter alia, sections 3000.1 and 4852.01 to clarify that section 288.7 offenders are ineligible for Certificates of Rehabilitation. Specifically, as to section 3000.1, the word, "or" was placed between its reference to sections 269 and 288.7, so that lifetime parole is mandated for anyone convicted of a violation of either sections 269 *or* 288.7. These amendments became effective on January 1, 2015, after defendant filed his petition, and they are not retroactive.

The parties disagree about the meaning of section 3000.1's reference to "Sections 269 *and* 288.7." (Italics added.) We review questions of statutory interpretation de novo. (*Whitney v. Montegut* (2014) 222 Cal.App.4th 906, 911.) Our fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose. "'"'When the language of a statute is clear, we need go no further.' [Citation.] But where a statute's terms are unclear or ambiguous, we may 'look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.'" [Citation.]' [Citation.]" (*People v. Scott* (2014) 58 Cal.4th 1415, 1421.) "'We must also avoid a construction that would produce absurd consequences,

5

which we presume the Legislature did not intend. [Citations.]' [Citation.]" (*In re Greg F*. (2012) 55 Cal.4th 393, 406.) "If a statute is susceptible of two constructions, one of which will render it constitutional and the other unconstitutional . . . , or raise serious and doubtful constitutional questions, the court will adopt the construction which, without doing violence to the reasonable meaning of the language used, will render it valid in its entirety, . . . even though the other constructions is equally reasonable. [Citations.]" (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 509.)

The meaning of "and" in section 3000.1, subdivision (a)(2) is not clear and unambiguous. Those who commit each of the offenses listed in that subdivision are required to be sentenced to life terms, and all of the offenses are presumably dangerous sex offenses. The purpose of section 3000.1, i.e., to ensure that anyone receiving a life term for committing any of the offenses listed there remain on parole for life, is consistent with interpreting "and" to mean "or."

Section 3000.1, subdivision (a)(2) was enacted in 2010 as part of Chelsea's law. (Stats. 2010, ch. 219 (Assem. Bill No. 1844.) The analysis of the bill states, "This bill increases parole to lifetime parole for the following offenses: . . . sexual intercourse; oral copulation; or sodomy with a child 10 years of age or younger [§ 288.7 violators]; . . . aggravated sexual assault of a child [§ 269 violators] . . . (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1844 (2009-2010 Reg. Sess.) as amended Apr. 13, 2010, p. 23.) The April 13, 2010 analysis of the bill does not suggest that

defendants who violate both sections 288.7 and 269, but not those who violate either, are subject to lifetime parole.

The chaptered version of the bill that passed both houses of the Legislature and was signed into law states that it 'would require lifetime parole for habitual sex offenders, persons convicted of kidnapping a child under 14 years of age with the intent to commit a specified sexual offense, and persons convicted of other specified sex crimes, including, among others, aggravated sexual assault of a child." (Stats. 2010, ch. 219 (Assem. Bill No. 1844, p. 3.) Therefore, we are not convinced that the bill was intended to require that only those convicted of forcible sex crimes would be subject to lifelong parole, but those who violate section 288.7, but not section 269, and vice versa, would not be.

Interpreting the "and" in section 3000.1 to mean something other than "or" would lead to absurd results the Legislature could not have intended. It would mean that one who commits aggravated sexual assault of a child under 14 and is seven or more years older than the victim (§ 269) would not be subject to lifetime parole unless that person also violated section 288.7. However, this is contrary to the goal of the bill as stated by its author, which was for those convicted of "forcible sex crimes . . . on a child . . . [to] serve a lifetime on parole if released . . . ." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1844 (2009-201 Reg. Sess.) as amended Apr. 13, 2010, p. 19.) It would also result in a defendant who is convicted of nonforcible intercourse or sodomy with a child 10 years of age or younger (§ 288.7, subd. (a)) being able to petition for a Certificate because he or she is not serving a mandatory lifetime parole, while one who

7

committed a nonforcible and less egregious lewd act on a minor under 14 would be ineligible for a Certificate.

Finally, interpreting "and" to mean that both section 288.7 offenders and section 269 offenders, like section 288, subdivision(a) offenders, would be ineligible for Certificates of Rehabilitation eliminates the equal protection salvo to section 4852.01. We conclude that the use of "and" in that section was a drafting error, which should be interpreted in such a manner to uphold its constitutionality.

## DISPOSITION

The order granting defendant's Petition for Rehabilitation is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.

8